**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **VANESSA GIAMBRONE** | : | **CIVIL ACTION NO.:** |
| | : | |
| **VERSUS** | : | **JUDGE:** |
| | : | |
| **JACKSON PARISH POLICE JURY** | : | **MAGISTRATE JUDGE:** |
| | : | **JURY DEMAND** |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Vanessa Giambrone, ("Plaintiff"), who respectfully represents the following:

## I. JURISDICTION AND VENUE

1. This is an action for declaratory, injunctive and monetary relief for discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e et seq., and in violation of the Americans with Disabilities Act, codified at 42 U.S.C. Sections 12101 et seq. Jurisdiction is based on 42 U.S.C. Section 2000e-5(f)(3), 42 U.S.C. Section 12117 and 28 U.S.C. Section 1331. Pursuant to 42 U.S.C. Section 20003-5, venue is proper in the Western District as a judicial district because a substantial part of the events or omissions giving rise to the claims set forth below occurred, and Plaintiff resides within this judicial district.

## II. PARTIES

2. Plaintiff is:

**VANESSA GIAMBRONE**, a female person of the full age of majority of the United States and the State of Louisiana. She is domiciled in Quitman, Jackson Parish, Louisiana.

3. Made Defendant herein is:

**JACKSON PARISH POLICE JURY**, an organization doing business in the State of Louisiana, who may be served through its President, Amy Magee, at the Jackson Parish Courthouse, 500 East Court Street, Room 301, Jonesboro, Louisiana, 71251.

## III. VENUE

4. The events and omission giving rise to this civil action occurred within Jackson, Parish, Louisiana. Therefore, venue for this civil action is proper in this Court.

## IV. FACTUAL ALLEGATIONS

5. Plaintiff became employed with Jackson Parish Police Jury ("Defendant") in June 2018 in the position of "Operator."

6. During the tenure of Plaintiff's employment with Defendant, she was the victim of sexual harassment and a gender based hostile work environment. Specifically, Plaintiff was subjected to daily verbal and physical sexual harassment by nine male co-workers (Albert Sheivers, Mark Mobley, Brad Self, Jared Horton, Kirk Halbrook, Dale Layfield, Ronnie Quarles, John Pardee, Carl Hopper) ("Male Co-workers"). These Male Co-workers made continuous sexual remarks about Plaintiff's physical appearance, daily referred to her by using various expletives and unacceptable names, such as "coon-ass," "cow" and telling her on several occasions that her "her p***y smells like crab boil," among other obscene statements. Much of

this conduct was done in the presence of Plaintiff's supervisors; however, no supervisor ever stopped the conduct or disciplined the Male Co-Workers for their conduct.

7. In addition to the conduct of her Male Co-Workers, Plaintiff was subjected to daily verbal and physical sexual harassment by her supervisor, Jody Stuckey. For example, Mr. Stuckey frequently touched Plaintiff without her consent, and on one occasion Mr. Stuckey asked Plaintiff to compare the size of a male's private part that she preferred to a roll of paper towels. This conduct was witnessed by David Lender and John Ross.

8. Plaintiff filed four formal complaints with Defendant alleging discrimination and retaliation on October 3, 2018, October 10, 2018 October 23, 2018 and April 1, 2019.

9. On October 10, 2018, Plaintiff made a formal complaint again stating her claims of gender discrimination and harassment. Plaintiff was placed on paid leave for one week so that an alleged investigation could be conducted regarding her complaints. As a result of this investigation, two (2) of the Male Co-workers, (Kirk Halbrook and Albert Sheivers) received 2-day suspensions, while the remaining Male Co-workers were not disciplined at all. Plaintiff was told by President of Defendant, John Mc Carty, that she had return to work and that she was to "deal with it the best way she could." No supervisor was ever disciplined.

10. Upon Plaintiff's return to work, she experienced daily retaliation. Plaintiff was ostracized, the Male Co-Workers and other employees refused to speak with her or work with her and the false rumors that Plaintiff was sleeping with other male employees continued on a daily and regular basis.

11. Plaintiff reiterated her claims of discrimination and harassment on April 1, 2019. No remedial action was taken.

12. As a result of the discrimination and retaliation experienced by Plaintiff, Plaintiff began to experience extreme stress, hypertension that resulted in dangerously high blood

pressure such that on April 15, 2019, Plaintiff requested leave to see a medical doctor. On this same date, Plaintiff provided a doctor's note regarding her condition, and verbally requested leave as an accommodation for her disability. On April 30, 2019, without any interactive process or discussions regarding her request for leave as an accommodation with Plaintiff, Defendant terminated Plaintiff's employment. Defendant failed to engage in any manner in any interactive process regarding Plaintiff's disability or her request for leave as an accommodation.

## V. ADMINISTRATIVE PREREQUISITES

13. Plaintiff timely filed charges of discrimination/harassment and retaliation with the Equal Employment Opportunity Commission and Louisiana Commission on Human Rights. A Notice of Suit Rights was received on December 14, 2020. All administrative prerequisites have been met.

## VI. CAUSES OF ACTION

14. Plaintiff reasserts and realleges the allegations contained in the foregoing paragraphs as though fully restated herein.

15. The actions, conduct and procedures of Defendant complained of herein constitutes purposeful discrimination against Plaintiff and further constitutes illegal retaliation in violation of Title VII of the Civil Rights Act, as amended, codified under 42 U.S.C. 2000e.

16. The actions and conduct of Defendant set forth herein constitutes discrimination due to disability and/or being regarded as disabled in violation of 42 U.S.C. Section 12101 et seq.

17. Defendant's actions complained of herein were performed with malice or reckless indifference to and in knowing violation or reckless disregard of Plaintiff's federally protected rights.

18.     Plaintiff has no adequate remedy at law for the harm she has suffered because of the practices of Defendant set forth herein.

19.     Because of the Defendant's actions, Plaintiff has been injured and has suffered or incurred damages and is entitled to recover statutory damages include compensatory damages, back pay, benefits, special damages, reinstatement/front pay and reasonable attorney fees resulting from the illegal conduct in addition punitive damages due her.

## VII.  **JURY TRIAL DEMANDED**

20.     Plaintiff demands a trial by jury as to all matters permitted by law.

## VIII.  **RELIEF**

WHEREFORE, PLAINTIFF PRAYS:

(A)     That the Court declare the employment practices of which complaint is made to be in violation of 42 U.S.C. §2000e et. seq., and 42 U.S.C. Sections 12101 et seq., and otherwise inculpatory and illegal;

(B)     That the Court order Defendant to cease the discriminatory and retaliatory practices enumerated herein and enjoin Defendant from engaging in further discrimination or retaliation against Plaintiff because of his efforts to oppose Defendant's discriminatory practices;

(C)     That Plaintiff be awarded compensatory damages pursuant to 42 U.S.C. Section 1981a and 42 U.S.C. Section 12101 et seq.

(D)     That Plaintiff be awarded the costs of this action, including attorneys' fees pursuant to 42 U.S.C. §2000e-5(k), 42 U.S.C. Section 12101 et seq and applicable state law.

(E)     For trial by jury for those matters triable to a jury; and

(F)     That Plaintiff be awarded such other and further relief as the Court finds equitable, just and proper.

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990


By: /s/Allison A. Jones
ATTORNEYS FOR PLAINTIFF